KNOWLES v. CONKLIN et al.

(Supreme Court, Appellate Division, First Department.　December 5, 1902.)

1. MOTION FOR INJUNCTION—APPEAL—SCOPE OF REVIEW.
　　Where a taxpayer brings action to restrain the comptroller from paying a police officer, involving a determination of the constitutionality of Laws 1891, c. 730, together with the effect of a final judgment in a mandamus proceeding to compel the comptroller to pay such salary, and the right of the taxpayer to the relief in an injunction proceeding, such questions will not be decided by the appellate division on an appeal from an order denying a motion for an injunction, based on affidavits merely.

Appeal from special term, Kings county.

Application by William P. Knowles, a taxpayer, against Bernard F. Conklin and others, to restrain the issuance of a warrant for the salary of defendant Conklin, due to him as a police sergeant of the city of New York.　From an order denying plaintiff's motion for injunction, he appeals.　Affirmed.

Argued before VAN BRUNT, P. J., and LAUGHLIN, PATTERSON, INGRAHAM, and HATCH, JJ.

Herbert Barry, for appellant.
James P. Judge, for respondent Conklin.
James McKeen, for respondent commissioners

PER CURIAM.　The plaintiff appeals from an order denying a motion for an injunction pending suit in an action which he has brought as a taxpayer against the defendant Conklin, who is filling the position and discharging the duties of a sergeant of police of the city of New York, the police commissioner of the city of New York, several defendants constituting the municipal civil service commission of the city of New York, and the comptroller of that city.　The object of the action is to restrain the police commissioner and the municipal civil service commission from certifying, and the comptroller from paying to the defendant Conklin, full salary as a police sergeant.

The defendant Conklin claimed that, under the provisions of chapter 730 of the Laws of 1901, he, being then a telegraph operator, was entitled to the rank of sergeant of police, and an appointment to that position.　He made an application to the supreme court for a writ of mandamus directing the police commissioner to recognize him as such sergeant of police, with the privileges pertaining to that office.　A peremptory mandamus was issued, granting the relief Conklin prayed for, and he is ostensibly entitled to the rank and pay of the office.　The contention of the plaintiff now is that chapter 730 of the Laws of 1901 is unconstitutional, in that it countervails the provisions of section 2 of article 10 of the constitution of the state of New York, and is violative of the civil service requirements for the appointment or promotion to the office of sergeant of police.　It has been sought on the appeal from this order to have this court pass upon several very important questions, namely, those relating to the constitutionality of chapter 730 of the Laws of 1901, the effect of the final judgment, unappealed from, in the mandamus proceed-

ing, upon the plaintiff's right to maintain this action, his right to maintain it at all as a taxpayer, and whether an action other than in the nature of a quo warranto will lie. It is evident, upon a perusal of this record, that these questions should not be disposed of upon affidavits presented upon a motion for an injunction pendente lite, especially in a case where the public interest is gravely concerned. The facts, the establishment of which would be necessary to a proper determination of the action, may be made to appear quite differently on the trial, from their statement in these affidavits; and, before determining the important questions here involved, we think all the facts should be definitely ascertained, and nothing left to mere inferences or conjecture. We do not now intend to express an opinion on any of the questions involved in this action, but merely to hold that we will not at the present time interfere with the discretion exercised by the court below in refusing the injunction at this stage of the case.

The order appealed from should be affirmed, with $10 costs and disbursements.